IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BENJAMIN GREENE,<br><br>    Defendant. | CASE NO.: 4:25-cr-46 |

## AMENDED CRIMINAL TRIAL MANAGEMENT ORDER

The Court hereby orders that the above captioned case is set for a **PRETRIAL CONFERENCE** before R. Stan Baker, United States District Judge, at 2:00 PM, on Monday, January 5, 2026, at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court, Savannah, Georgia, and for **JURY SELECTION AND TRIAL** before Judge Baker, at 8:30 AM, on Wednesday, January 7, 2026, and will be held at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court, Savannah, Georgia. The Court **ORDERS** the parties to carefully read and comply with the following directives. Moreover, the time periods set forth herein are necessary for the Court and the parties to prepare for trial. The interest served by providing the parties this additional time outweigh the public's and Defendant's interest in prompt resolution of this case. Therefore, the time from the date of this Order up to the date of trial shall be excluded from calculation of the time for trial provided by the Speedy Trial Act.

**I.    General Directions**

In this Order, the Court sets forth the parties' obligations to prepare this matter for trial. It is not the Court's intention to impose needlessly onerous obligations on counsel. Rather, these measures are designed to ensure the just and efficient trial of this case. It is the Court's experience

that the administration of justice is better served when the matters addressed herein are resolved well in advance of trial rather than by last minute filings on the eve of or during trial.

Except where otherwise indicated in this Order, the parties shall electronically file the documents described below using the Court's CM/ECF system. Each filed document should be separately and clearly captioned. When documents are required by this Order to be sent to the Court by email attachment, they should be submitted to the Courtroom Deputy Clerk Pam Hammock at pam_hammock@gas.uscourts.gov. Any questions may be directed to the Courtroom Deputy Clerk either by email or by telephone at (912) 650-4081.

## II.     Motions to Continue or Extend

The Court will only continue or extend the deadlines in this Order upon a showing of good cause. If any party seeks to continue or extend any of the deadlines in this Order including the date of the trial and/or pretrial conference, the party must make that request via a motion filed on the Court's docket. The filing of a notice of a plea agreement alone will not continue or extend the deadlines in this Order. Absent a showing of good cause, a motion to continue or extend the trial should be made at least two weeks before the trial date. Prior to filing any request to continue or extend, the requesting party shall consult with opposing counsel to determine if the opposing party agrees with or opposes the request. Within any motion to continue or extend, the moving party shall state whether the Defendant agree with or opposes the request and whether opposing counsel agrees with or opposes the request. Additionally, within any motion to continue or extend, the moving party should state whether the period of delay should be excluded in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161.

**III.     Motions in Limine**

The parties shall file any other motions in limine on or before **December 9, 2025**. The parties shall file any responses to these motions in limine on or before **December 16, 2025**. Complex trial issues, including substantial evidentiary questions, are better resolved in advance of, rather than in the midst of, trial. Thus, where possible, the Court expects the parties to raise complex trial issues, including complex debates regarding the exclusion or admission of evidence, through motions in limine. However, the Court discourages the filing of form motions in limine or motions about issues the opposing party does not dispute.

**IV.     Requested Voir Dire, Jury Instructions, and Verdict Form**

Each party shall file the party's requested voir dire, jury instructions, and verdict form on or before **December 22, 2025**.[1] Each party shall file any objections to an opposing party's requested voir dire, jury instructions, and verdict form on or before **December 30, 2025**. In addition to the CM/ECF-filed requests, each party shall email a copy of the party's requested voir dire, jury instructions, and verdict form as attachments in Word format to the Courtroom Deputy Clerk.

The parties are encouraged to use and refer to the Eleventh Circuit Pattern Jury Instructions in making their requests. For each requested jury instruction, the party should include the full text of the requested instruction and the pattern instruction number or other authority on which the request is based. If a party's requested instruction includes a modification of the pattern instruction, the party should so indicate.

---

[1] These requests should be filed as three separate pleadings.

**V.     Exhibit List and Witness List**

On or before **January 2, 2026**, each party shall e-mail the Courtroom Deputy Clerk a copy of their witness list and exhibit list as attachments in PDF and Word format. Parties shall not file the witness list or exhibit list on the record of the case in CM/ECF. At the pretrial conference, the Court will discuss with counsel whether each party's exhibit list and/or witness list should be disclosed to opposing counsel.

**VI.    Trial Exhibits**

On or before **January 2, 2026**, each party shall deliver to the Courtroom Deputy Clerk, all exhibits to be used at trial in electronic format.[2] Parties shall not file trial exhibits on the record of the case in CM/ECF.

Original exhibits shall be submitted at the time of trial in electronic format and in accordance with the Eleventh Circuit rules regarding exhibits (11th Cir. R. 11-3, http://www.ca11.uscourts.gov/rules-procedures). Ordinarily, all exhibits for introduction into evidence at trial, to be shown to witnesses, and to be published to the jury must be presented electronically during trial, including documentary exhibits.[3]

---

[2] Parties may submit trial exhibits to the Courtroom Deputy Clerk by delivering a USB or flash drive containing the exhibits or by sharing the exhibits through a Court-approved cloud-based platform. Acceptable electronic formats for trial exhibits are limited to the following file types: .pdf, .jpg, .bmp, .tif, .gif, .png, .doc, .docx, .ppt, .pptx, .avi, .asf, .mpg, .mp3, .mp4, .wav, .wmv, .3gpp. Each electronic trial exhibit should be clearly named by exhibit number. Should the parties have any questions regarding the proper submission of their trial exhibits, they should contact the Courtroom Deputy Clerk well in advance of the deadline.

[3] Should counsel or any unrepresented party need to use the Court's presentation technology during trial, counsel, or the unrepresented party shall notify Judge Baker's Courtroom Deputy Clerk well before trial and at least by the pretrial conference. Counsel shall coordinate a time to test on the presentation technology well before trial. While the Courtroom Deputy Clerk and the Court's Department of Computer Services are available to provide training and technical assistance, it is ultimately a party's responsibility to perform the required testing, to resolve any problems or issues well before trial, and to use the presentation technology, including the presentation of exhibits, during trial.

Exhibits should be separately and sequentially marked numerically, not alphabetically. Parties must not label or group exhibits into categories. For example, rather than marking exhibits as: 1a., 1b., 1c., exhibits must be marked as: 1, 2, 3. Some exhibits may not exist in electronic format or may not easily convert to an electronic format. In those instances, the parties shall notate their respective exhibit lists as to any exhibits not submitted in electronic format. When submitting non-documentary physical exhibits, the parties shall include photographs or other reproductions of such exhibits in electronic form as a placeholder in the party's exhibit production.

Additionally, all parties shall provide one paper courtesy copy of all trial exhibits for inclusion in a Trial Exhibit Notebook to be given to the jury at the conclusion of the case. The Trial Exhibit Notebook for the jury should contain said exhibits placed into labeled three-ring binders with corresponding exhibit numbered side index tabs for each exhibit.

## VII. Trial Memoranda

Each party may file, but is not required to file, a trial memorandum. Any party desiring to file a trial memorandum shall file the memorandum on or before **January 2, 2026**. A trial memorandum should be filed where necessary to make the Court aware of significant or unique procedural, factual, or legal issues that the party expects to arise at trial. The memorandum should contain a short and plain statement of any such issues. For any legal issues, the party must cite to relevant legal authority. A party should not file a trial memorandum to discuss routine or insignificant issues. A party should also not file a trial memorandum to request court action prior to trial as such a request should be made in a motion in limine. Additionally, a party should not file a trial memorandum to reiterate issues that have already been raised by a motion in limine. When filing a trial memorandum, the party should use the "Trial Brief" event in CM/ECF located under Criminal – Other Filings – Trial Documents.

**VIII.     Pretrial Conference**

At the pretrial conference, the Court will conduct a meaningful and substantive discussion regarding the trial of this case.  **Thus, the Defendant and all attorneys participating in the trial of the case shall be present at the pretrial conference**.  Counsel shall be prepared to discuss and offer argument on any motions in limine and responses thereto, as well as any trial document listed above and objections thereto.  Absent a significant issue, the Court will not address individual exhibit objections at the pretrial conference as those objections are better addressed during trial.  Additionally, at the pretrial conference, counsel should bring to the Court's attention any witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability.

**SO ORDERED**, this 4th day of December, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA