**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

    v.

BENJAMIN GREENE,

       Defendant.

CASE NO.: 4:25-cr-46

## O R D E R

For the reasons stated below, the Court **DENIES** Defendant Benjamin Greene's Motion for New Trial.  (Doc. 66.)

### BACKGROUND

After a one-day trial, a jury found Defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1).  (Doc. 64.)  During the trial, the Government introduced testimony that on February 12, 2024, Defendant stole someone's vehicle and then ran from Savannah Police Department Officer Copeland when the officer attempted a traffic stop. Eventually, Defendant fled on foot, and Officer Copeland released his K-9 partner, Zulu.  Zulu apprehended Defendant, and then Officer Copeland detained Defendant after a struggle.  Officer Copeland testified that he removed a firearm from Defendant's hand during the struggle and then later tossed the firearm out of Defendant's reach as the struggle continued.  In addition to Officer Copeland's testimony, the Government introduced footage from his body-worn camera.  The footage of the struggle shows what appears to be a black object and later shows Officer Copeland throwing a firearm to the side.  The video evidence also shows officers recovering the firearm when searching the area of the fight after Defendant was detained.

## DISCUSSION

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" United States v. Pitts, No. 4:19-CR-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019). Granting a defendant a new trial based on insufficiency of the Government's evidence is an extraordinary remedy that courts seldom employ. As the United States Court of Appeals for the Eleventh Circuit has explained:

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); United States v. Simms, 508 F. Supp. 1188, 1202 (W.D. La. 1980). If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Lincoln, 630 F.2d at 1319.
>
> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion. Id.; United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. Simms, 508 F. Supp. at 1202. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Indelicato, 611 F.2d at 387; United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir. 1971) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Criminal § 553, at 487). Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases." Lincoln, 630 F.2d at 1319; Indelicato, 611 F.2d at 387; Simms, 508 F. Supp. at 1202.

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985).

This case is by no means one of those "exceptional cases" where the evidence "preponderates heavily against the verdict." Quite to the contrary, the jury heard overwhelming evidence of Defendant's guilt. Defendant centers his Motion for a New Trial on alleged inconsistencies in Officer Copeland's testimony, the body-worn camera footage, and his police

report.  (Doc. 66.)  He argues that while Officer Copeland testified that he touched the firearm twice, once while wresting it from Defendant's control and a second time while throwing it to the side, the footage only shows Officer Copeland touching the firearm once, when throwing it from the fracas.  (Id. at pp. 3—4.)

Contrary to Defendant's argument, the video footage supports Officer Copeland's version of events.  The video shows what appears to be a black object during the struggle and later shows Officer Copeland throwing the firearm out of Defendant's reach.  Defendant makes too much of the fact that the body-worn camera footage does not clearly depict Officer Copeland removing the firearm from Defendant's hand.  Like most body-worn camera footage, the footage does not depict everything that occurred during Defendant's struggle with Officer Copeland.  Officer Copeland was preoccupied with gaining control of Defendant and the firearm, not capturing every aspect of the struggle on video.  Likewise, while Defendant reads Officer Copeland's police report to mean that the officer removed the firearm and threw it all in one motion, the report could just as easily be read to mean that Officer Copeland first removed the firearm from Defendant and moments later threw it out of Defendant's reach.  Regardless, even if Officer Copeland told one version of events in his report and another on the stand, in both versions he testified that he removed a firearm from Defendant.  More importantly, even if there were inconsistencies between Officer Copeland's testimony, the video footage, and his police report, Defendant's counsel pointed out these alleged inconsistencies to the jury during trial, and the jury still found Defendant guilty.  The Court will not disturb that determination.

**CONCLUSION**

For all the reasons stated above, the Court **DENIES** Defendant Benjamin Greene's Motion for New Trial, (doc. 66).

**SO ORDERED**, this 16th day of March, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA